<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                              :
MAURICE GOODEN,               :
                              :   Civil Action No. 14-4415 (RMB)
            Plaintiff,        :
                              :
      v.                      :        **OPINION**
                              :
CHIEF ERNEST JUBILEE, et al., :
                              :
            Defendants.       :
_____:

**BUMB**, District Judge:

    This matter comes before the Court upon Plaintiff's submission of a civil complaint, executed pursuant to 42 U.S.C. § 1983, <u>see</u> Docket Entry No. 1 ("Complaint"), that arrived accompanied by Plaintiff's duly executed application to proceed in this matter <u>in forma pauperis</u>. See Docket Entry No. 1-1. In light of the information provided in the <u>in forma pauperis</u> application and the absence of three disqualifying strikes, the Court will grant Plaintiff <u>in forma pauperis</u> status and order the Clerk to file the Complaint.[1]

---

[1] The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires this Court to screen a filed complaint and <u>sua sponte</u> dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).

Almost seven years ago, i.e., on October 1, 2007, Plaintiff, while being a pretrial detainee, see https://www6.state.nj.us/DOC commenced his prior civil action in this District. See Gooden v. Platt, Civil Action No. 07-4716 (RMB), Docket Entry No. 1.[2] Upon his conviction, he served a six-and-a-half-year term. See https://www6.state.nj.us/DOC_Inmate/details?x=1008881&n=0. However, once released from custody on January 14, 2012, he allegedly committed another offense, the one that underlies his current incarceration starting on or prior to October 23, 2013. See id.[3]

The events asserted in the Complaint allegedly took place on October 25, 2012, and November 30, 2012, that is, about nine months after his January 14, 2012, release but prior to the offense underlying his current incarceration.

Plaintiff's allegations are verbatim, as follows:

---

[2] Plaintiff's Complaint at bar erroneously asserts that his Gooden v. Platt claims were dismissed by this Court sua sponte as malicious. See Docket Entry No. 1, at 3. Following a jury trail, this Court dismissed Plaintiff's Gooden v. Platt claims after the jurors returned "the judgment of no cause," and the Court of Appeals dismissed Plaintiff's appeal. Gooden v. Platt, Civil Action No. 07-4716 (RMB), Docket Entry No. 170-1, at 2, 4.

[3] Plaintiff's Complaint asserts that Plaintiff is now a civilly committed individual. See Docket Entry No. 1, at 2. However, the records of the New Jersey Department of Corrections indicate that he is a convicted prisoner. See https://www6.state.nj.us/DOC_Inmate/details?x=1008881&n=0. That said, the Department of Corrections records do not provide his maximum release or parole eligibility dates. See id. Moreover, in the body of his Complaint, Plaintiff designated his address as that at Ann Klein Forensic Center, a psychiatric hospital for inmates. See id. at 3. Thus, the status of Plaintiff's confinement is not entirely clear.

> I just came home 10-25-12 after 6½ of incarceration I went to the barbershop for a shapeup I guy came in a took the barber Abdul-Majid cellu[l]ar phone, I was only the witness. Police locked up Abdul-Majid, I went to A.C.P.D. we was released I went to Parole Office 11/30/12 they said I have a warrant for 1st degree robbery. But the cops let us both go home. I was handcuffed 11/30/12 at parole office, was released 5/30/13 no bill. . . . I wrote numerous letter I was only a witness 10-25-12, my case came back 5/30/13 No Bill

Docket Entry No. 1, at 4, 5 (grammar/punctuation is original).

The Complaint names two individuals as Defendants and asserts:

> Chief Mr. Ernest Jubilee [who is the] Chief of Atlantic City Police Dep[artmen]t [is liable to me because] I wrote numerous letter the Chief never responded Falsely Arrested and Incarcerated my 1st Degree robbery from 10-25-12 to 5/30/13 was dismissed No Bill Attached. Det[ective] Ms. Juanita Harris [is an] Atlantic City Police Detective [she is liable to me because] she was the det[ective] who investigated case I wrote numerous letter I was only a witness 10-25-12, my case came back 5/30/13 No Bill by the Grand Jury

Id. at 4 (grammar/punctuation in original).

To the extent Plaintiff is attempting to raise a false arrest claim, his challenges are facially meritless. "Under both federal and New Jersey law, a claim for false arrest requires that (1) there was an arrest; and (2) that the arrest was made without probable cause." Schirmer v. Penkethman, 2012 U.S. Dist. LEXIS 182901, at *20 (D.N.J. Dec. 31, 2012) (citing Ferry v. Barry, 2012 U.S. Dist. LEXIS 13460 (D.N.J. Sept. 19, 2012); Gil v. New Jersey, 2012 U.S. Dist. LEXIS 85700 (D.N.J. June 19,

2012); Tarus v. Borough of Pine Hill, 189 N.J. 497, 916 A.2d 1036 (N.J. 2007)). "There are two elements required to bring [a false arrest claim]: (1) constraint of the person against his will (2) that is without legal justification." Gil, 2012 U.S. Dist. LEXIS 85700, at *4 (citing Pine v. Okzewski, 112 N.J.L. 429, 431, 170 A. 825 (E.& A. 1934); Barletta v. Golden Nugget Hotel Casino, 580 F. Supp. 614, 617 (D.N.J. 1984)); accord Gibson v. Superintendent of NJ Dept. of Law and Public Safety - Division of State Police, 411 F.3d 427, 451 (3d Cir. 2005) ("False arrest . . . is the constraint of the person without legal justification"); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (the elements of a false arrest or false imprisonment claim are "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged"), cert. den'd, 517 U.S. 1189 (1996).  A proper legal justification for arrest either arises out of the circumstances qualifying as probable cause, see Virginia v. Moore, 553 U.S. 164 (2008), or comes in the form of an arrest warrant.  See Harrington v. City of Nashua, 610 F.3d 24 (1st Cir. 2010).  Therefore, only a deprivation of liberty that occurs prior to an arraignment and without a proper warrant/probable cause qualifies as false arrest.

4

Here, Plaintiff concedes that he was merely questioned by police on October 25, 2012, and allowed to go home, without any arrest. Analogously, Plaintiff concedes that, on November 30, 2012, he was detained by probation officers on the basis of a valid arrest warrant. Therefore, Plaintiff's false arrest claims are facially meritless and will be dismissed with prejudice.

The foregoing leaves this Court with Plaintiff's allegations that his November 30, 2012, to May 30, 2013, detention (based on the robbery charge) violated his rights because those criminal proceedings were, as a threshold matter, without any basis.[4] Such allegations suggest a malicious prosecution claim.

The Court of Appeals recently clarified the analysis of a malicious prosecution claim. See <u>Halsey v. Pfeiffer</u>, 750 F.3d 273 (3d Cir. 2014).

> To prevail on a Fourth Amendment malicious prosecution claim under section 1983, [the defendant] must establish that:
>
>> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5)

---

[4] It is not immediately clear to this Court as to why Plaintiff was confined for six months prior to having his case presented to the grand jury. However, for the purposes of screening Plaintiff's complaint, this Court is obligated to presume that Plaintiff's allegations are true as pled. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).

5

> the plaintiff suffered deprivation of liberty
> consistent with the concept of seizure as a
> consequence of a legal proceeding.
>
> Johnson [v. Knorr, 477 F.3d 75,] 82 [(3d Cir. 2007)];
> see also Rose v. Bartle, 871 F.2d 331, 349 (3d Cir.
> 1989).

Id. at 296-97.

Relevant to the inquiries associated with the elements "(3)" and "(4)," the Court of Appeals pointed out that,

> [w]hen falsified evidence is used as a basis to
> initiate the prosecution of a defendant, or is used to
> convict him, the defendant has been injured regardless
> of whether the totality of the evidence, excluding the
> fabricated evidence, would have given the state actor a
> probable cause defense in a malicious prosecution
> action that a defendant later brought against him.

Id. at 89.

The facts and rationale of Halsey indicates that, when a defendant's prosecution is initiated in complete void of evidence, or upon a state actor's intentional ignorance of evidence establishing the defendant's innocence, the tort of malicious prosecution is complete if the defendant was confined in connection with his prosecution, and that prosecution ended in the defendant's favor. See id. at 292, n.17 (citing, inter alia, Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997), for the observation that, "[l]ike a prosecutor's knowing use of false evidence to obtain a tainted conviction, a police officer's fabrication and forwarding to prosecutors of known false evidence works an unacceptable violation of due process").

6

Correspondingly, if: (a) the police officers investigating the events of October 25, 2012, robbery detected that Plaintiff was nothing but a witness to the robbery, and evidence gathered between October 25, 2012, and November 30, 2012, verified the lack of Plaintiff's involvement in the robbery; but (b) Plaintiff's arrest warrant was nonetheless executed (e.g., on the basis of fabricated facts or no facts at all), and it resulted in Plaintiff's deprivation of liberty, his malicious prosecution claim *against the state actor who produced that unsubstantiated arrest warrant and/or continued his prosecution* appears viable, that is, provided that Plaintiff's assertion as to the grand jury's decision not to indict him is, in fact, true.

Here, Plaintiff named two individuals as Defendants.  One is the Chief of Police and another is the Detective assigned to investigate Plaintiff's robbery case.  Plaintiff's position is that the Chief is liable to him because the Chief did not respond to his letters, and the Detective is liable to him because she continued investigating the robbery charge against Plaintiff regardless of Plaintiff's letters stating that he was merely a witness.

To the extent Plaintiff attempts to implicate the Chief, the Chief's alleged failure to respond to Plaintiff's letters, or the Chief's supervisory position cannot render the Chief liable.  See Iqbal, 556 U.S. at 676-77; Colburn v. Upper Darby Twp., 946 F.2d

7

1017, 1027 (3d Cir. 1991); see also Smith v. Arkansas State Highway Emp., Local 1315, 441 U.S. 463, 465 (1979); Minnesota State Bd. Community Colleges v. Knight, 465 U.S. 271, 285 (1984); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997).  Thus, Plaintiff's claims against the Chief will be dismissed.

Analogously, the Detective's continued investigation of Plaintiff's robbery charge was not a wrongful act able to support a Fourth Amendment claim.  However, liberally construed, the Complaint could also be read as suggesting that the Detective: (a) was the one who executed Plaintiff's arrest warrant without any evidence that Plaintiff was implicated in the robbery or on the basis of evidence known to her as false; and/or (b) facilitated Plaintiff's continuous prosecution while having her own credible evidence indicating that Plaintiff was innocent.

So read, and in light of the guidance provided in Halsey, Plaintiff's malicious prosecution claim against the Detective shall proceed past the sua sponte dismissal stage.    An appropriate Order follows.

                               s/Renée Marie Bumb
                               **RENÉE MARIE BUMB**
                               **United States District Judge**

Dated: July 31, 2014