**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Maurice Gooden, | : | |
| | : | Civil Action No. 14-4415(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| Juanita Harris, | : | |
| | : | |
| Defendant. | : | |

**BUMB**, District Judge:

I.   BACKGROUND

This matter comes before the Court upon Plaintiff's motion for default judgment on his malicious prosecution claim against Juanita Harris. (ECF. Nos. 17-18.) On July 31, 2014, this Court granted Plaintiff's IFP application, screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915, dismissed all Defendants except Juanita Harris, and ordered the Clerk to issue summons and the U.S. Marshals to serve summons on Defendant Harris. (Order, ECF No. 5.) On May 19, 2015, the summons was returned executed. (Process Receipt and Return, ECF No. 16.) The Process Receipt and Return indicates the summons and complaint were served on "Lt. Hendricks of IA" at "1300 Bacharach Blvd, A.C. NJ". (Id.)

Deputy U.S. Marshal Anne Marie Leone submitted an affidavit, stating Plaintiff provided the U.S. Marshals Service with the Atlantic City Police Department address for service of process on Juanita Harris. (ECF No. 21.) The Atlantic City Police Department directs service of all legal process for officers employed by the police department to the Internal Affairs section, which has relocated to 1300 Bacharach Blvd., Atlantic City, New Jersey. (Id.) Within the Internal Affairs section, Leone was directed to Lt. Hendricks, who accepted service of the summons and complaint for Harris. (Id.) Juanita Harris has not answered the complaint or otherwise responded. The Clerk of Court entered Default against Harris on July 7, 2015.

II.  DISCUSSION

    A. SERVICE

Before reaching the merits of Plaintiff's motion for default judgment, the Court must determine whether Harris was properly served with the summons and complaint. See D'Onofrio v. Il Mattino, 430 F.Supp.2d 431, 438 (E.D. Pa. 2006) "[a] default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside." (quoting Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985)). Federal Rule of Civil Procedure 4(e)

provides for service of an individual within a judicial district of the United States in one of the following ways:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

"The New Jersey Rule governing service of process upon an individual is akin to the three options outlined in Rule 4(e)(2)." Laffey v. Plousis, Civ. Action No. 05-2796 (JAG), 2008 WL 305289, at *5 (D.N.J. Feb. 1, 2008), aff'd F. App'x 791 (3d Cir. 2010) (citing N.J.R.Super.TAX SURR. CTS. CIV. R. 4:4-4(a)(1)).

"Good faith reliance on the apparent authority of an individual to accept service on behalf of a defendant may satisfy the service of process requirement set forth in Rule 4(e)(2)(C)." Id. (citing Blair v. City of Worcester, 2006 WL 1581582, at *4 (D.Mass. Mar. 13, 2006). However, there must be

3

evidence that the individual defendant intended to confer authority on the agent to accept service of process for her. Id. The burden is on the plaintiff to prove that an agency relationship existed and that service was proper. Dunkley v. Rutgers, No. Civ. 06-5762 (DRD), 2007 WL 2033827, at *2 (citing Local 617, Intern. Broth. of Teamsters, Chauffers, Warehousemen and Helpers of American v. Hudson Bergen Trucking Co., 182 N.J.Super. 16 (N.J. Super. Ct. App. Div. 1981) (citing 21 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1097, 1101.)

The Court will dismiss the motion for default without prejudice, allowing Plaintiff an opportunity to satisfy his burden to show proper service on Defendant Harris. Plaintiff may also seek leave for an extension of time to serve Defendant Harris in another manner, for example at her home or by handing it to her personally.

B.  Malicious Prosecution

Even if Plaintiff establishes proper service on Defendant Harris, there is another basis to deny his motion for default judgment at this time; he has not pled facts in support of each element of a claim for malicious prosecution. Once the Clerk of Court enters a party's default pursuant to Federal Rule of Civil Procedure 55(a) for failure to plead or otherwise defend, a party may apply to the Court for default judgment pursuant to

4

Fed. R. Civ. P. 55(b). "When a defendant fails to appear. . . , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred." Chanel, Inc. v. Gordashevsky, 558 F.Supp.2d 532, 535 (D.N.J. 2008).

While the court "should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions. . . " Id. at 535-36 (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998). Therefore, this Court must determine whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Asher, 2006 WL 680533, at *1 (citing Wright & Miller § 2688, at 63.)

Plaintiff alleged Detective Harris violated his constitutional rights by maliciously prosecuting him. To prevail on a Fourth Amendment malicious prosecution claim, a plaintiff must establish the following: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in Plaintiff's favor; and (3) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and

5

(5) as a result of the legal proceeding, the plaintiff suffered a deprivation of liberty. Halsey v. Pfeffer, 750 F.3d 273, 296-97 (3d Cir. 2014) (quoting Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007)).

In his declaration in support of default judgment, Plaintiff asserted Harris was responsible for investigating a robbery that occurred on October 25, 2012, and she knew or should have known that Plaintiff was only a witness to the robbery. (ECF No. 18, ¶2.) On November 30, 2012, when Plaintiff reported to parole, he was arrested for the October 25, 2012 robbery. (Id., ¶3.) Plaintiff remained in jail on the robbery charge until May 30, 2013, when the grand jury found "no bill." (Id.)

Plaintiff did not allege facts in support of the third element, that Detective Harris acted maliciously or for a purpose other than bringing the plaintiff to justice. A bare allegation that Harris knew or should have known Plaintiff was only a witness to the robbery is insufficient. Compare Morales v. Busbee, 972 F.Supp. 254, 264 (D.N.J. 1997) (denying summary judgment where record contained sufficient, credible evidence that factfinder could conclude the defendant acted with malice in prosecution of the plaintiff). Plaintiff alleged in the complaint that he wrote numerous letters to the Chief of the Atlantic County Police Department asserting false arrest, but

6

Plaintiff does not allege that he sent such letters to Detective Harris. (ECF No. 1 at 4.) Plaintiff did not assert that Detective Harris was the person who executed his arrest warrant or, alternatively, that she facilitated Plaintiff's continued prosecution after she discovered credible evidence that Plaintiff was innocent.

Plaintiff must assert facts showing when Detective Harris discovered evidence that Plaintiff was innocent, what that evidence was, and that Harris continued Plaintiff's prosecution after gaining this knowledge. If Plaintiff establishes proper service on Harris, he must also meet these requirements before default judgment can be granted.

IT IS therefore, on this **11th** day of **December 2015**,

ORDERED that Plaintiff's motion for default judgment (ECF No. 17) is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of his Memorandum and Order on Plaintiff by regular U.S. Mail.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge