**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Maurice Gooden, | : | |
| | : | Civil Action No. 14-4415(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Juanita Harris, | : | |
| | : | |
| Defendant. | : | |

**BUMB**, District Judge:

I.   BACKGROUND

This matter comes before the Court upon Plaintiff's response (ECF No. 28) to this Court's Order to Show Cause why it should not dismiss the malicious prosecution claim against Detective Juanita Harris. (Order to Show Cause, ECF. No. 27.) Upon taking judicial notice of documents Plaintiff filed in another action in this Court, Gooden v. Platt, Civil Action No. 07-4716(RMB-JS) (D.N.J.), it appeared that Detective Juanita Harris was not involved in Plaintiff's November 2012 arrest or in referring him for prosecution. (Id.) Therefore, this Court required Plaintiff to show cause why his malicious prosecution claim against Harris should not be dismissed. In Plaintiff's response, he alleged only that he wrote to Detective Harris

1

about his innocence after his November 30, 2012 arrest, and she ignored his letters. (See Plaintiff's Response to Order to Show Cause, ECF No. 28.)

II. DISCUSSION

On August 4, 2014, this Court granted Plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915. (Order, ECF No. 5.) The Court liberally construed Plaintiff's complaint as alleging Detective Harris:

> (a) was the [person] who executed Plaintiff's arrest warrant without any evidence that Plaintiff was implicated in the robbery or on the basis of evidence known to her as false; and/or (b) facilitated Plaintiff's continuous prosecution while having her own credible evidence that Plaintiff was innocent.

(Opinion, ECF No. 4 at 8.) The Court allowed the case to proceed. (Id.)

28 U.S.C. § 1915(e)(2)(B)(ii) provides "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(ii) fails to state a claim on which relief may be granted."

By taking judicial notice of documents Plaintiff filed in Gooden v. Platt, Civil Action No. 07-4716(RMB-JS) (D.N.J.) at the time of his November 2012 arrest and subsequent prosecution, it appeared to the Court that Detective Harris was not the

2

person who executed Plaintiff's November 2012 arrest warrant, and she did not facilitate his prosecution on the robbery charge. (Order to Show Cause, ECF No. 27.) Plaintiff now alleges only that Detective Harris failed to intervene on his behalf when he wrote to her about his innocence after his November 2012 arrest and subsequent prosecution. (Plaintiff's Response to Order to Show Cause, ECF No. 28.)

> To prevail on a Fourth Amendment malicious prosecution claim under section 1983, a plaintiff must establish that:
>
> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Halsey v. Pfeiffer, 750 F.3d 273, 296-97 (3d Cir. 2014) (quoting Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007); see also Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1989).

Here, Plaintiff does not allege, as the Court assumed when it liberally construed Plaintiff's complaint, that Detective Harris executed his arrest warrant on November 30, 2012. Furthermore, Plaintiff does not allege that Detective Harris facilitated his prosecution after he was arrested on the robbery

3

charge in November 2012, only that she did not respond to his letters. Therefore, Plaintiff has failed to state a malicious prosecution claim against Detective Harris. The Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal will be with prejudice because amendment of the malicious prosecution claim against Detective Harris would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

III. CONCLUSION

For the reasons described above, in the accompanying Order filed herewith the Court will dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

**Dated: April 12, 2016**

4